United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPRO HOLDINGS UK 4 LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04312 |
| | § | |
| MCR OIL TOOLS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court are the defendants', MCR Oil Tools, LLC ("MCR"), and Michael Robertson ("Robertson") motion to dismiss under the doctrine of Forum Non Conveniens pursuant to the Federal Rules of Civil Procedure (Dkt. No. 10). The plaintiff, Expro Holdings UK 4 Limited ("Expro"), has filed a response to the defendant's motion (Dkt. No. 13).  After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motion should be **GRANTED.**

### II.   FACTUAL BACKGROUND AND CONTENTIONS

This lawsuit involves Expro, a licensee, and MCR, the licensor, concerning representations made concerning the explosive nature of the fuel when used together with MCR's downhole pipe-cutting tools. Expro, a UK-based service company, entered into a license agreement with MCR relying on representations that the fuel and tools ("fuel/tools") provided were non-explosive. However, subsequent investigations by

governmental authorities revealed that MCR's fuel/tools were indeed hazardous and explosive.

The Department of Transportation ("DOT"), the United Kingdom Health and Safety Executive ("HSE"), and Tunisian court-appointed experts found that MCR violated regulations by self-classifying its fuel/tools and not disclosing its explosive nature. The DOT clarified that when MCR's fuel is configured in a tool, it becomes explosive, contrary to MCR's representations. MCR notified Expro of the hazardous nature of its fuel/tools after the government investigations. Expro, upon discovering what it believed to be fraud, chose not to renew its license agreement with MCR. However, MCR seeks to enforce the agreement despite the hazardous classification of the fuel/tools.

The Court is presented with the forum selection clause contained in the license agreement which specifies that disputes between the parties should be resolved in Texas state courts. Despite this clause, Expro filed its complaint in federal court in Houston, prompting MCR to argue that Expro has violated the agreement. Hence, MCR seeks dismissal of Expro's claims due to non-compliance with the forum selection clause. The Court is tasked with determining the validity and enforceability of the clause and whether Expro's choice of venue is permissible under the terms of the agreement.

## III.    PLAINTIFF'S CONTENTIONS

Expro, a UK based company, is suing defendants over alleged misrepresentations regarding the explosive nature of certain fuel/tools sold under a license agreement. The plaintiff claims it relied on the defendants' assurances that the fuel/tools were non-

explosive and stored them in Houston. However, a government investigation revealed that the fuel/tools were indeed explosive and a halt in the use of the fuel/tools resulted.

Expro's suit for a declaratory judgment is challenged by the defendants' motion to dismiss based on the venue selection clause in the license agreement and the fact that a parallel suit has been filed in a state court in Dallas County. The plaintiff argues that venue is proper in the Southern District of Texas due to the substantial number of events that occurred in the District. Moreover, they contend venue is an invalid argument for dismissal under Texas law because the agreement between the parties does not qualify as a major transaction. Additionally, the plaintiff argues, even if the clause is enforceable, non-signatories cannot benefit from it under the terms of the agreement. Thus, the plaintiff asserts that the defendants' motion to dismiss should be denied.

## IV.    DEFENDANTS' CONTENTIONS

The defendant argues that the Court should dismiss the case based on the doctrine of forum non conveniens because the clause is mandatory and is a valid, enforceable clause. They contend that the plaintiff waived venue in any court other than the state courts in Tarrant or Dallas counties as specified in the forum-selection clause. The defendants also asserts that federal law governs the enforceability of the venue clause in diversity cases, and because the clause is valid, dismissal is warranted.

Finally, the defendants asserts that there is a strong presumption in favor of enforcing the clause, that the public interest factors weigh in favor of dismissal, and that key witnesses and evidence are located in Dallas and Tarrant counties.

## V.     STANDARD OF REVIEW

When evaluating whether a motion to dismiss should be granted in favor of a forum selection clause involving a foreign party, a federal court sitting in diversity applies the federal law of forum non conveniens.  *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1159 (5th Cir. 1987) (*en banc*), *vacated on other grounds sub. nom., Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed.2d 400 (1989), *reinstated except as to damages by In re Air Crash Disaster Near New Orleans, La.*, 883 F.2d 17 (5th Cir. 1989) (*en banc*); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 59 (5th Cir. 1993).  This line of cases teach that a forum non conveniens determination is within a trial court's discretion when the court has considered all relevant public and private interest factors, and where balancing these factors is reasonable.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 70 L. Ed.2d 419 (1981); *see also McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 423 (5th Cir. 2001).

"The doctrine of forum non conveniens presupposes at least two forums where the defendant is amenable to process and simply furnishes criteria for choice between them." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 341 (5th Cir. 1999).  Therefore, a defendant moving to dismiss a case on forum non conveniens grounds is required to demonstrate that an available and adequate alternate forum exits.  *See Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they

may not enjoy the same benefits as they might receive in an American court." *Id.* (internal citation omitted).

## VI.   ANALYSIS & DISCUSSION

### A.  *Choice of Law*

Contrary to the plaintiff's argument, the Court is not tasked here with interpreting the forum selection clause, but rather assessing its enforceability, a matter governed by federal procedure and, therefore, federal law. Here, choice of law issues is irrelevant since the substantive law of the state of Texas applies irrespective of where the case is held. In this instance, the focus is on the enforceability of the forum selection clause, under federal procedural law, as established by the Fifth Circuit in *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296 (5th Cir. 2016).  Therefore, the plaintiff's contentions regarding choice of law and invalidity of the venue selection clause under Texas law are inconsequential.

### B.  *Forum Selection Clause*

The plaintiffs argue that the venue selection clause is invalid under Texas law because it fails to meet the criteria of a "major transaction" as defined in the Texas Civil Practices and Remedies Code Section 15.020. They contend that the license agreement does not specify a value exceeding $1 million, rendering the clause unenforceable. However, the Court determines that this argument is irrelevant considering that federal law governs the enforceability of the forum selection clause.

The Court is of the opinion that the forum selection clause is enforceable for the following reasons:  (1) the clause is mandatory, affirmatively requiring that disputes be

resolved in a Texas state court; (2) the plaintiff has not provided evidence of fraud or overreach in connection with the clause; (3) there is a strong presumption in favor of enforcing such clauses as the plaintiff has not demonstrated its unreasonableness; and (4) given the localized nature of the controversy and the convenience of resolving it in the specified Texas courts, it is in the public interest to resolve this case in the selected forum. Therefore, the Court holds that MCR's motion to dismiss should be granted.

The Court is also of the opinion that the same ruling applies to the individual defendant, Robertson.  The record shows that he executed the contract between the two entities as an officer of MCR.  There is no evidence that he engaged in conduct outside his role as an officer of MCR.  Therefore, the Court is of the view that the same analysis applies to Robertson.

## VII.    CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion to dismiss is **GRANTED** for MCR and Robertson without prejudice to any claims between the parties.

It is so **ORDERED**.

SIGNED on May 1, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge